IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMANDA ENGLISH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRANDON CLABES, individually, )<br>and AARON COLLINS, individually, )<br>)<br>Defendants. ) | Case No. CIV-24-00207-JD |

### ORDER OF DISMISSAL

Because Plaintiff has failed to prosecute this action or failed to comply with the Court's order, and for the reasons discussed below, the Court dismisses this action under Federal Rule of Civil Procedure 41(b) and its inherent authority to manage its cases.

**I.     PROCEDURAL BACKGROUND**

On May 28, 2024, the Court ordered Plaintiff to retain new counsel or enter her appearance pro se. [Doc. No. 15]. The Court warned that if Plaintiff failed to comply with the Court's order and with the deadlines imposed in that order, the Court may dismiss the action without prejudice.

By the deadline, Plaintiff did not retain new counsel or enter her appearance. Plaintiff has filed nothing with the Court since the Court's order.[1]

---

[1] Plaintiff is responsible for updating information with the Court. Papers sent by the Court to the last known address given to the Court will be deemed delivered. *See* LCvR5.4.

II.     DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "[T]he Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). Moreover, "[t]he 'authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' . . . [D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (quoting *Link*, 370 U.S. at 630–31; citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642–43 (1976)).

"A district court may dismiss an action under Rule 41(b) after finding that certain enumerated criteria support a dismissal. These criteria include '(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.'" *Olsen*, 333 F.3d at 1204 (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).

Analyzing this case against these criteria, dismissal without prejudice is appropriate. First, Plaintiff's failure to comply with the Court's order or failure to prosecute this action have prejudiced Defendants by unnecessarily delaying this case. There is a scheduling order in place, which imposes deadlines on the parties, and the parties are in discovery. *See* [Doc. No. 13]. Plaintiff's failure to appear pro se or to obtain counsel, in contravention of the Court's order, has likewise interfered with the judicial process, requiring the Court to expend unnecessary resources and impairing the Court's management of its docket. Although the circumstances requiring the Court's order are unfortunate, *see* [Doc. Nos. 14, 15], Plaintiff is still ultimately responsible for the prosecution of her action. The Court also specifically warned in its order that dismissal without prejudice was a possible result if Plaintiff failed to comply with the Court's order. *See* [Doc. No. 15]. Finally, given Plaintiff's failure to comply with the Court's order or failure to prosecute her action, the Court finds that no lesser sanction would be appropriate.

### III.  CONCLUSION

While the Court is mindful that dismissal can be an extreme sanction, the Court concludes that such action is warranted in this case. Consequently, under both Rule 41(b) and its inherent power to manage its caseload so as to achieve the orderly and expeditious disposition of cases, the Court DISMISSES this action WITHOUT PREJUDICE.

IT IS SO ORDERED this 28th day of June 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE